Rule to show cause why the judgment should not be set aside; and why the plaintiff should not file a copy of the warrant of attorney, on which said judgment was confessed.
The rule was obtained on the motion of Mr. Bayard and affidavit of Jesse Sharp, administrator of George G. Sharpe, that the bond and warrant of attorney in this case was a joint bond and warrant of this defendant and two others, viz: James White and Robert Gardiner.
The President of the Bank made an affidavit that he could find *Page 171 
no bond and warrant of attorney among the papers of the Bank of Wilmington and Brandywine, that would authorize such a judgment against George G. Sharp alone. A judgment was entered November 22, 1848, against James White and Robert Gardiner, survivors of George G. Sharpe, for the real debt of $1,267 57; interest from August 17, 1833; which judgment was stricken off by the court, for want of a several warrant. No other bond was produced.
Mr. Bayard. — The bank produces no authority for the entry of this judgment. The bond produced, on which the last judgment was entered, is no doubt the same bond. The only question then is, whether this bond and warrant of attorney authorizes this judgment.
Mr. Patterson. — The presumptions after so great a time are in favor of this judgment.
 Rule absolute.